UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DETROIT REHABILITATION INITIATIVES, LLC,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AXIS SURPLUS INSURANCE COMPANY et al.,<br><br>　　　　　　　　　　Defendants. | Case No. 21-12924<br>Honorable Shalina D. Kumar<br>Magistrate Judge Anthony P. Patti |

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND TO COMPEL APPRAISAL (ECF NO. 25)**

**I.　Introduction**

Plaintiff Detroit Rehabilitation Initiatives, LLC (DRI) sues defendants AXIS Surplus Insurance Company (AXIS) and Maverik Investments, LLC (Maverik) for breach of contract and declaratory relief stemming from AXIS's denial of DRI's fire and theft claims under a commercial property insurance policy issued by AXIS to Maverik, the insured property owner, and DRI, the property's mortgage holder. ECF No. 1.

DRI moves for partial summary judgment and to compel appraisal. ECF No. 25. The motion has been briefed, ECF Nos. 25-26, 30, 32, and the Court finds the briefing sufficient to decide the motion without a hearing.

*See* E.D. Mich. LR 7.1(f)(2). For the reasons below, the Court denies the motion.

## II.     Background

Maverik owns a commercial building at 7575 and 7579 Chrysler Drive, Detroit, Michigan 48211 (the Property). ECF No. 11, PageID.186. DRI holds a mortgage on the Property, and AXIS issued an insurance policy covering the Property from July 2019 to July 2020 subject to various terms, conditions, limitations, and exclusions (the Policy). *Id.* at PageID.186-88; ECF No. 11-1, PageID.290-398.

The Policy includes an endorsement, which modifies the Policy to provide that "[AXIS] will pay for covered loss or damage to [DRI]" as the Property's mortgage holder and the Policy's loss payee. *Id.* at PageID.189. The endorsement also provides that if AXIS denies a claim from Maverik "because of [Maverik's] acts or because [Maverik] ha[s] failed to comply" with the Policy's terms,[1] DRI "will still have the right to receive loss payment" under the following conditions: (1) DRI pays any premium due

---

[1] The endorsement uses the phrase "terms of this Coverage Part" when referring to the terms with which Maverik and DRI must comply under the Policy. ECF No. 11, PageID.189. The parties make no distinction between the terms of the Policy and the terms of "this Coverage Part," so for current purposes the Court refers to the former instead of the latter when describing the relevant provisions of the Policy.

under the Policy at AXIS's request if Maverik fails to do so; (2) DRI submits a signed, sworn proof of loss within 60 days after receiving notice from AXIS of Maverik's failure to do so; and (3) DRI "notifie[s] [AXIS] of any change in ownership, occupancy or substantial change in risk known to [DRI]." *Id.* The endorsement goes on to state that if DRI meets these conditions, the Policy's "terms . . . will then apply directly to [DRI]." *Id.*

DRI alleges that while the Policy was in effect, a January 2020 theft and an April 2020 fire occurred at the Property. *Id.* at PageID.190. AXIS denies that the January 2020 theft occurred but admits that the April 2020 fire occurred. ECF No. 13, PageID.408.

Maverik made claims for theft and fire losses under the Policy by providing AXIS notice of such losses and submitting to AXIS proofs of loss. ECF No. 11, PageID.190. After AXIS investigated the alleged theft and fire losses, AXIS denied Maverik's claims. ECF No. 13, PageID.408. According to DRI, AXIS denied Maverik's claims due to Maverik's acts or omissions, however, despite this denial of Maverik's claims, DRI still has the right to receive payment for the theft and fire losses as a loss payee after meeting the conditions to coverage under the endorsement. ECF No. 11, PageID.190-91. DRI alleges that it met such conditions, mentioning in particular that it submitted its own proofs of loss. ECF No. 11, PageID.191.

AXIS admits that DRI submitted proofs of loss, but it denies that DRI satisfied the conditions to coverage under the endorsement. ECF No. 13, PageID.409.

AXIS denied DRI's claims, prompting DRI to mail a letter to AXIS demanding an appraisal of its insurance claims. *See* ECF No. 11, PageID.192. According to DRI, AXIS disputes the amounts claimed in DRI's proofs of loss. *See id.* AXIS, however, asserts that the extent of coverage for the alleged theft and fire losses is in dispute because DRI failed to comply with various requirements for coverage, such as complying with its document and information requests. ECF No. 11-1, PageID.280-88; ECF No. 13, PageID.417-22.

Disputing coverage, AXIS refused DRI's demand for appraisal. ECF No. 11, PageID.192. DRI then filed this action, bringing claims for breach of contract and declaratory relief and requesting an order or declaration that AXIS must submit DRI's claims for appraisal. *Id.* at PageID.193-96.

### III.   Analysis
#### A. Standard of Review

DRI indicates that its motion is one for "partial summary judgment" and to compel appraisal. ECF No. 25, PageID.470. But DRI invokes Federal Rules of Civil Procedure 12(c) and 12(h)(2), and in both its initial

and reply briefs, DRI indicates that its motion is one for failure to state a legal defense under Rules 12(c) and 12(h)(2). *Id.* at PageID.470, 479-80; ECF No. 32, PageID.791-92. Accordingly, the Court reviews DRI's motion as one for judgment on the pleadings under Rules 12(c) and 12(h)(2).

Under Rule 12(h)(2), a party may raise the failure to state a legal defense to a claim by a motion under Rule 12(c). Fed. R. Civ. P. 12(h)(2)(B). Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

The Court grants a Rule 12(c) motion for judgment on the pleadings "when no material issue of fact exists and the party making the motion is entitled to judgment as a matter of law." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007); Fed. R. Civ. P. 12(c).

The Court construes the pleadings in the light most favorable to the non-moving party. *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010). Where, as here, "the plaintiff moves for judgment on the pleadings, the motion should be granted if, on the undenied facts alleged in the complaint and assuming as true all the material allegations of fact in the answer, the plaintiff is entitled to judgment as a matter of law." *Lowden v. Cnty. of Clare*, 709 F. Supp. 2d 540, 546 (E.D. Mich. 2010). Ultimately, for

the Court to grant a motion for judgment on the pleadings, it must be "clear that no relief could be granted under any set of facts that could be proved consistent with the [opposing] allegations." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

The Court may consider exhibits outside the pleadings if they are referenced in the complaint and central to its claims; matters of public record; items appearing in the record; or exhibits attached to the pleadings. *United Food & Com. Workers, Loc. 1995 v. Kroger Co.*, 51 F.4th 197, 202 (6th Cir. 2022); *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008). But if "matters outside the pleadings are presented to and not excluded" by the Court, the Court must convert the motion into one for summary judgment and afford all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

As an initial matter, DRI does not identify the defenses, claims, or issues on which it seeks judgment on the pleadings. As mentioned, DRI indicates its motion is one for failure to state a legal defense under Rules 12(c) and 12(h)(2), which tests the sufficiency of an opposing party's legal defenses, *see, e.g.*, *AGFA Photo USA Corp. v. Parham*, No. 1:06-CV-216, 2007 WL 1655891, at *11 (E.D. Tenn. June 5, 2007) (requiring plaintiff to

challenge particular legal defenses for Rule 12(h)(2) review), but DRI does not specifically challenge any of the defenses asserted in AXIS's answer. DRI may use Rule 12(c) to request judgment on the pleadings as to its breach of contract or declaratory relief claims or as to specific legal issues, see, e.g., People Driven Tech., Inc. v. Presidio, Inc., No. 22-10098, 2022 WL 19001960, at *1 (E.D. Mich. Nov. 30, 2022), reconsideration denied, No. 22-10098, 2023 WL 4936011 (E.D. Mich. Aug. 2, 2023) (granting judgment on the pleadings as to dispositive legal issue), but DRI does not identify the claims or issues on which it seeks judgment.[2]

Rather, DRI's motion presents a multi-step argument ultimately concluding that the Court must order AXIS to submit to appraisal. AXIS's asserted legal defenses, however, would preclude such an order compelling appraisal. Because a determination as to whether the Court must order AXIS to submit to appraisal necessarily tests AXIS's asserted legal defenses, the Court centers its analysis on whether an order to

---

[2] Although the Court denies DRI's motion on a different basis, DRI's failure to challenge any of AXIS's defenses in particular, seek judgment on one of its legal claims, or seek judgment on a particular dispositive issue provides another basis for the Court to deny the motion. See Fed. R. Civ. P. 7(b)(1)(B) (requiring motions to "state with particularity" its grounds); Parham, 2007 WL 1655891, at *11 (denying motion for plaintiff's "fail[ure] to address the legal invalidity of any of [defendant's] eighteen affirmative defenses" after declining to separately analyze the legal validity of each affirmative defense).

compel appraisal is appropriate at this stage. Doing so addresses DRI's motion, whether it seeks judgment on the pleadings under Rule 12(c) or to test AXIS's legal defenses under Rules 12(c) and 12(h)(2).

**B. An order to compel appraisal is not appropriate at this stage.**

DRI argues that AXIS lacked valid bases to deny DRI's insurance claims and so any remaining matters must be resolved through appraisal under M.C.L. 500.2833(1)(m). AXIS does not dispute that M.C.L. § 500.2833(1)(m) governs the appraisal process for both of DRI's claims.

Under M.C.L. 500.2833(1)(m), if an insurer and insured disagree on the amount of loss of a claim, "either party may make a written demand that the amount . . . be set by appraisal." Once the "insurer admits that a loss is covered under its policy, a court is statutorily mandated to order the parties to participate in Michigan's statutory appraisal process." *The D Boys, L.L.C. v. Mid-Century Ins. Co.*, 644 Fed. App'x 574, 578 (6th Cir. 2016). However, if issues about the extent of coverage remain, "a court is to determine coverage . . . before an appraisal of damage to the property." *Auto-Owners Ins. Co. v. Kwaiser*, 476 N.W.2d 467, 469-70 (Mich. Ct. App. 1991).

Here, DRI demands that its insurance claims be sent for appraisal, but AXIS has not admitted that the Policy covers the theft and fire losses. ECF No. 11, PageID.192. Taking as true the undenied allegations in DRI's

complaint, AXIS instead raises coverage issues that require resolution: After AXIS denied Maverik's claims for alleged theft and fire losses, DRI submitted its own claims for the same alleged losses. ECF No. 13, PageID.408; ECF No. 11, PageID.190-91. For DRI to receive payment for a loss after Maverik's claim is denied due to its acts or omissions, DRI must have "notified [AXIS] of any change in ownership, occupancy or substantial change in risk known to [DRI]." ECF No. 11, PageID.221. AXIS denies that DRI satisfied this condition to coverage,[3] and so the complaint alone does not show that DRI provided notice as required under the endorsement. ECF No. 13, PageID.409; *see* Fed. R. Civ. P. 8(b)(4).

DRI asserts that it satisfied this condition because it in fact gave AXIS the required notice. To support this assertion, DRI cites a July 2021 letter informing AXIS about DRI's foreclosure on the Property. ECF No. 25, PageID.486; ECF No. 25-7. But even if this letter shows that DRI notified AXIS as required, the letter is attached as an exhibit to DRI's motion. It is not referenced in the complaint, nor is it a public record, an item appearing in the case's record, or otherwise attached to the pleadings. *See Kroger*

---

[3] The Court assumes for current purposes that Maverik's claims were denied due to its acts or omissions—the pleadings show that AXIS denied Maverik's theft loss claim "due to Maverik's violation of the concealment, misrepresentation, or fraud provision" but do not indicate why AXIS denied Maverik's fire loss claim. ECF No. 13, PageID.420.

*Co.*, 51 F.4th at 202; *Barany-Snyder*, 539 F.3d at 332. Accordingly, the Court excludes the letter from consideration. Without a proper showing that DRI notified AXIS as required under the endorsement, the Court cannot determine at this stage whether DRI met a threshold condition to coverage and ultimately whether DRI is entitled to judgment as a matter of law. *See JPMorgan*, 510 F.3d at 582.

Although the Court could consider the letter by converting DRI's motion into one for summary judgment, the Court declines to do so. In addition to the July 2021 letter, DRI also relies on two other extra-pleading letters to argue that AXIS invalidly denied DRI's insurance claims. *See* ECF No. 25, PageID.486-87; ECF Nos. 25-2, 25-3. But AXIS asserts that it validly denied DRI's insurance claims and that it needs to conduct additional discovery to show that.[4] *See* ECF No. 30, PageID.587; *see also* ECF No. 13, PageID.417-22 (maintaining that DRI's failure to meet certain requirements under the policy bars DRI's insurance claims). It would be inappropriate for the Court to treat DRI's motion as one for summary judgment because AXIS would not have a reasonable opportunity to

---

[4] Indeed, the parties stipulated to adjourn the date for the close of discovery as "there is additional necessary discovery." ECF No. 39. Because the Court cannot determine whether DRI met a threshold condition to coverage at this stage, the Court need not substantively address AXIS's asserted bases for disputing coverage.

Page **10** of **11**

marshal all available evidence that may show that coverage issues preclude compelling appraisal. *See* Fed. R. Civ. P. 12(d).

In sum, the Court finds that the pleadings raise coverage issues that cannot properly be resolved on the pleadings and are appropriate for resolution on a later motion for summary judgment. As a result, an order to compel appraisal is inappropriate at this stage. *See* M.C.L. 500.2833(1)(m).

### IV.   Conclusion

For the reasons above, DRI's motion for partial summary judgment and to compel appraisal (ECF No. 25) is **DENIED**.

Dated: September 26, 2023

s/ Shalina D. Kumar
SHALINA D. KUMAR
United States District Judge